UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

   -vs-

FRANK GIACOBBE, PATRICK OGIONY,          18-CR-108
KEVIN MORGAN, and TODD MORGAN,

         Defendants.
_____

# AFFIDAVIT

STATE OF NEW YORK:
COUNTY OF MONROE:   ss.

     **DAVID ROTHENBERG,** being duly sworn, deposes and says:

     1.     I am an attorney admitted to practice before the United States District Court for the Western District of New York.

     2.     I am a principal in the firm of Rothenberg Law, counsel for defendant Todd Morgan.

     3.     I submit this affidavit in response to the court's request that the defense report to the court regarding the status of document discovery.

     4.     All counsel appeared before the court on August 6, 2018 for status conference. (The undersigned was permitted to appear by telephone.)

     5.     The court had previously ordered the government to produce all discovery by July 27, 2018.

     6.     When the government failed to comply with the court's discovery deadline and requested an additional 120 days to complete document discovery, the court scheduled the August 6 status conference.

7. When all counsel appeared before the court on August 6, the court entered a new order for the production of all discovery materials.

8. First, the court ordered the government to disclose pre-warrant material (any material that had been obtained by the government prior to the execution of search warrants on May 14, 2018) on or before August 24, 2018.

9. Although there were technical deficiencies in that production, the government did disclose pre-warrant materials prior to that date.

10. Secondly, the court ordered the government to complete processing of the search warrant discovery by September 28, 2018, and to disclose all materials seized pursuant to warrants that had been executed on May 14, 2018, on or before October 12, 2018.

11. The court stated the following on the record: "I'm going to require the government to turn over the search warrant data that the defendants are entitled to no later than October 12, 2018." (Transcript of Proceedings on August 6, 2018 ("Tr.") at 32.)

12. The court further directed the defense to report to the court what it had received, so that the court and counsel could discuss a new scheduling order when everyone next appeared before the court on October 31, 2018.

13. This affidavit is filed in response to the court's request for a report regarding the status of document discovery as of this date.

14. In short, although the government has produced a further collection of documents as of October 12, 2018, it has not completed document production as required by the court.

15. In fact, there remain an enormous number of documents and other electronic data that has not been produced. Nor can the government provide the defense with any fixed deadline as to when it will produce such remaining material.

16. On October 12, 2018, the government produced 552,880 digital documents, consisting of 77.46 gigabytes (GB) of data. That production, however, was technically deficient.

17. For example, no custodian metadata was produced, so that the defense cannot identify the source of documents that were produced. Furthermore, date field metadata is missing from many of the documents produced, such as spreadsheets, word documents, and even calendar entries. Clearly, the defense cannot make sense of a word document or calendar entry that fails to contain relevant dates.

18. Third, the government's document production does **not** include approximately 80,000 emails that were seized on May 14, 2018, but are under review by the government's filter team for privilege and relevance.

19. The defense notes that when the court ordered the government to complete document processing by September 28, and disclosure by October 12, the court specifically ordered that such review include review for privilege and relevancy (*see* Tr. at 32).

20. The defense believes that, in ordering such review and disclosure prior to October 12, the court relied in part on the government's representations that the process of digitizing the search warrant material was "very nearly complete" (Tr. 22) as of the August 6 status conference.

21.     In addition, the government represented that it had 10 people working on this task, and had further requested a team of "twenty agents for a defined period to help with that." (Tr. 26).

22.     Nevertheless, notwithstanding the court's prior orders, there remain at least 80,000 emails that need to be disclosed to the defense.

23.     Fourth, and even more significantly, almost all of the disclosure to date has only been from the main computers seized from the premises of Morgan Management on May 14, 2018. Several other computers were seized on that date, and the defense has received virtually no disclosure of any materials from these additional computers.

24.     For example, we have not received any of the documents that were stored on defendant Todd Morgan's laptop computer. Considering that the government specifically named Todd Morgan as a defendant in this case, the defense respectfully submits that the entire contents of his computer should have been the very first items reviewed, formatted, and disclosed to the defense.

25.     Nor has the defense received any material from two computers seized from the office of Robert Morgan—a desktop computer and a laptop computer.

26.     The court noted on August 6 that the defendants in this case may very well have standing to claim entitlement to any of the records seized from Morgan Management, insofar as they worked for that company; and further noted that these additional documents found on other seized computers may very well contain exculpatory material (Tr. 17).

27.     On last Friday, October 26, the defense received a flash drive containing 36 GB of data; upon information and belief, this flash drive contains documents that

were found on the laptop of defendant Kevin Morgan. However, our vendor has advised us that it is presently uploading that information to determine precisely what was produced, where it was located, and the details of the production.

28.   It is our understanding, however, that documents from Todd Morgan's laptop computer have not been produced, nor have we received documents that were located on the two additional devices found in Robert Morgan's office.

29.   Without the ability to review the contents of Todd Morgan's computer, nor the 80,000 emails currently under review by the government for privilege and relevancy, there is no way the defense can begin to review this enormous volume of documents in any meaningful way.

30.   For example, if the defense were to search for emails between Kevin Morgan and the other named co-defendants, the defense would not recover all responsive emails, and any such searches would only have to be repeated once the government eventually completed document disclosure.

31.   The government's inability to comply with this court's scheduling order confirms the court's suspicions that were stated on the record during the August 6 conference: namely, that the indictment in this case was returned prematurely.

32.   There is no escaping the conclusion that the government rushed to indict this case when it really was not ready. Certainly, the government was not ready for trial, if it has taken over five months to disclosure documents that had been seized prior to the indictment, and despite the passage of over five months, has still not disclosed all discoverable materials.

33. In conclusion, the defense respectfully requests that the court enter a schedule for one specific motion; in particular, the defense requests scheduling for a motion to dismiss the instant indictment for failure to comply with this Court's schedule.

            *s/ David Rothenberg*
            David Rothenberg, Esq.
            ROTHENBERG LAW
            *Attorneys for Defendants*
            45 Exchange Boulevard, Suite 800
            Rochester, New York 14614
            Tel:  (585) 232-1946
            Fax:  (585) 232-4746
            Email:  david@rothenberglawyers.com

Sworn to before me on the
29th day of October 2018.

  *s/ Beverly G. Evans*
    BEVERLY G. EVANS
*Notary Public in the State of New York
Monroe County
Commission Expires 10.30.2022*